UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON DANTE HARRIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF KERN, et al., <br><br> Defendants. | Case No.: 1:18-cv-00616 - LJO - JLT <br><br> FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE ACTION WITHOUT PREJUDICE FOR LACK OF JURISDICTION |

Plaintiff initiated this action by filing a complaint on May 4, 2018. (Doc. 1) The Court finds Plaintiff is unable to state a claim upon which relief may be granted, as his claims are intertwined with ongoing state criminal proceedings and barred by the *Younger* abstention doctrine. Therefore, the Court recommends Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the complaint **DISMISSED** without prejudice as the Court lacks jurisdiction.

**I.      Background and Allegations**

Plaintiff alleges that he was placed under arrest on January 23, 2018 and is currently incarcerated in the Lerdo Pre-Trial Facility. (Doc. 1 at 1, 4) He asserts the defendants—which include the County, defense counsel, the Indigent Defense Program, and other individuals—conspired together and "orchestrated and fabricated a fictitious home invasion robbery," for which Plaintiff was arrested. (*Id.* at 5) Plaintiff contends officers arrested him "without warrant or probable cause…then searched and seized all his personal affects without reason" when he was taken into custody. (*See id.*)

1

The docket of the Kern County Superior Court indicates that in Case No. BF171027C, Plaintiff was charged with robbery in the first degree in violation of California Penal Code § 212(A) and burglary in the first degree in violation of California Penal Code § 460(A).[1] The docket also indicates that a jury trial is set to begin in this action on June 4, 2018.

## II. Proceeding *in forma pauperis*

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* ("IFP") is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at 600-01. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

The Court recommends Plaintiff's application to proceed *in forma pauperis* be denied because, as discussed below, the complaint fails to state a meritorious claim upon which relief may be granted.

---

[1] The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The official records of the Superior Court of Kern County, as contained in the court's official website, are sources whose accuracy cannot reasonably be questioned, and judicial notice may be taken of facts on a website of a government agency. *See O'Toole v. Northrop Grumman Corp*., 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web"); *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information on the website of a government agency); *United States ex rel. Dingle v. BioPort Corp*., 270 F.Supp.2d 968, 972 (W.D. Mis. 2003) ("government documents are generally considered not to be subject to reasonable dispute . . . This includes public records and government documents available from reliable sources on the Internet"). Further, judicial notice may be taken of court records. *Mullis v. United States Bank. Ct*., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987). Accordingly, the Court takes judicial notice of the docket related to Case No. BF171027C.

*See, e.g., Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit"); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (same).

## III. Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

## IV. Pleading Standards

The Federal Rules of Civil Procedure set forth the applicable standards for pleading complaints. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The

> plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## V. Discussion and Analysis

Plaintiff clearly seeks to challenge the lawfulness of his arrest and the charges currently pending against him in the state court. However, in general, federal courts are required to abstain from interfering on ongoing state criminal matters. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). This abstention doctrine applies if four conditions are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir.2008).

First, it is clear the state criminal proceedings are ongoing, and Plaintiff is in the custody of the state. Second, the state criminal proceedings implicate important state interests. Indeed, in *Kelly v. Robinson*, 479 U.S. 36, 49 (1986), the Court held, "This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Likewise, in *Younger*, the Supreme Court held, "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43.

Third, there is no showing Plaintiff could not challenge the lawfulness of arrest in the state court criminal proceedings, and there is no procedural bar from Plaintiff raising his federal claim in the state

proceeding. *Martori Bros. Distribs. v. James–Massengale*, 781 F.2d 1349, 1352, 1354 (9th Cir. 1985). Thus, he has a full and fair opportunity to raise the federal claims in state court. *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1019 (9th Cir.1999). Finally, it appears Plaintiff's complaint seeks to insert the federal court into the ordinary course of state criminal proceedings and, if permitted, would threaten the autonomy of the state court. Accordingly, the Court finds the claims are barred by the *Younger* abstention doctrine.

## VI. Findings and Recommendations

Based upon the facts alleged, it does not appear the deficiencies can be cured by amendment, and leave to amend would be futile. *See Lopez*, 203 F.3d at 1130; *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is unable to proceed on his claims in this Court in light of the *Younger* abstention doctrine. Accordingly, the Court **RECOMMENDS**:

1. Plaintiff's complaint be **DISMISSED** without prejudice;
2. Plaintiff's motion to proceed *in forma pauperis* be **DENIED**; and
3. The Clerk of Court be **DIRECTED** to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **May 8, 2018**                **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE